In the Matter of the Claim of NETTIE F. HANNES, Respondent, against U. S. CORRUGATED FIBRE Box Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from a decision and award of the Workmen's Compensation Board in a death case. Decedent suffered for some years from an arteriosclerotic aneurysm which ruptured and caused his death. Decedent's widow and his attending physician testified to decedent's declarations that, while handling coal, he felt a severe pain, tried to get to another part of the plant to seek assistance from a fellow employee, sat down and fainted. A fellow employee observed him sitting on a low hand truck and 10 or 15 minutes later found him lying on the floor. The attending physician's opinion was that the severe pain was caused by the rupture of the aneurysm and was followed by weakness and unconsciousness. The board was not bound to accept the inferences, suggested by appellants, that decedent's unconsciousness occurred instantaneously with, or immediately after, the rupture and that therefore the rupture occurred spontaneously, while decedent was seated upon the truck, and that, accordingly, the premise based on decedent's declarations was false. In any event, the attending physician testified that decedent's normal work constituted " undue stress or strain for his physical condition at the time " and the carrier's physician said that it was reasonable to assume that the added circulatory burden, however moderate, of the work done by decedent just before his attack, could be reckoned to be a contributing or aggravating factor in his death. If the hearsay declarations be deemed in any respect essential to the medical conclusions expressed, sufficient corroboration was afforded by the autopsy findings and the circumstances of the employment. The fact that on the day of his fatal attack decedent did not have to perform as frequently as on some other days the arduous work of carting and shoveling coal, although he was working the second of two consecutive shifts, does not appear material. However frequently or infrequently performed, that particular work was his usual work and it was not necessary to show some special effort as precipitative of the accident. (*Matter of Kayser* v. *Erie County Highway Dept.,* 276 App.

Div. 789.) After an examination of all the evidence, we find that certain minor inaccuracies in the findings are not fatal to the result reached. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.